NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHEN D'ONOFRIO,** | Civil Action No. 09-6220 (AET) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **BOROUGH OF SEASIDE PARK, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

    Currently pending before the Court is Plaintiff Stephen D'Onofrio's ("Plaintiff") motion to amend his Complaint in order to assert claims against Thomas G. Gannon, Esq., as well as the law firm of Hiering Gannon & McKenna ("HGM") [Docket Entry No. 166]. Both the Borough Defendants[1] and Defendant William Schultz ("Mr. Schultz") oppose Plaintiff's motion. The Court has fully reviewed all arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to Rule 78. For the reasons set forth more fully below, Plaintiff's motion to amend is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED to the extent Plaintiff seeks to add factual allegations relevant to their currently pending claims, which may also be relevant to their

---

[1] The term the "Borough Defendants" refers collectively to: the Borough of Seaside Park; Former Mayor Robert W. Matthies; Mayor Thomas E. Connors; the Seaside Park Borough Council; Susan Maday; Maryanne Palmisano; John "Jack" Moyse; Benjamin J. Kaiser; Sharon Pratico; Nancy Koury; James Jablonski; Robert Brennan; John Coughlin; Seaside Park Police Department; William A. Beining, III; Edward C. Dickson; Daniel Fitzgerald; Lt. Francis Murphy Larkin; James Leone; Brian McKay; Stephen Shadiack; Brian Jankowski; Seaside Park Municipal Planning Board; Faith Liguori; Kathleen Hughes; Anthony DiCaro; Robert Bellantoni; Seaside Park Municipal Zoning Board; Andrew Sbordone; Martin Wilk, Jr.; Kenneth Deshay; Michael Giuliano; Francis Losey; Michael Tierny; Raymond Sites; Geoffrey N. Schwartz; Seaside Park Code Enforcement Department; James Anderson; Robert Nora; Rejean Laliberte; Gary Swirczynski; Richard Barbarise; and Charles Hollins.

proposed amendments. Plaintiff's motion is DENIED to the extent Plaintiff seeks to assert allegations against Mr. Gannon or HGM based on Mr. Gannon's role as an alleged policy maker. Further, out of an abundance of caution, the Court holds in abeyance any decision on Plaintiff's motion with respect to the allegations Plaintiff seeks to assert concerning Mr. Gannon's alleged misrepresentations regarding the findings of the Borough's expert, Clive Samuels & Associates, Inc. ("Clive Samuels"),[2] with respect to the SawMill Café's (the SawMill) sprinkler system.

I.   **Background**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. Instead, the Court focuses on the facts relevant Plaintiff's motion to amend.

Plaintiff is the former owner and operator of an establishment located on the boardwalk in the Borough of Seaside Park called the SawMill. In this matter, Plaintiff has sued numerous individuals and entities associated with the Borough of Seaside Park, essentially claiming that these individuals and entities inappropriately engaged in tortious, fraudulent and extortionate conduct that violated Plaintiff's right to control and operate the SawMill. Plaintiff specifically asserts violations of the Equal Protection and Due Process Clauses of the 14th Amendment, the 1st Amendment, 42 U.S.C. § 1983 of the Civil Rights Act; 42 U.S.C. § 1985 of the Civil Rights Act; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and N.J.S.A. 2C:41-1 *et seq.* ("New Jersey RICO"), which is the New Jersey statute that prohibits racketeering activity. Many of the allegations raised by Plaintiff in this matter relate to prior,

---

[2] While Plaintiff contends that Clive Samuels was a neutral, independent, third-party expert appointed by the New Jersey Superior Court to evaluate the SawMill's sprinkler system, the Court has already determined that Clive Samuels was the Borough Defendants' expert. (*See* Memorandum Opinion of 5/30/12 at 18; Docket Entry No. 195).

2

underlying legal disputes between the parties.  Plaintiff now seeks to add Mr. Gannon as a defendant for the purposes of Plaintiff's constitutional claims; 42 U.S.C. §§ 1983, 1985; RICO and NJ-RICO.  Plaintiff seeks to add HGM as a RICO and NJ-RICO defendant.

The Borough Defendants and Mr. Schultz oppose Plaintiff's motion to amend.  While Mr. Schultz argues that Plaintiff's motion has no factual basis and also cites to Plaintiff's eleven-month delay in bringing the instant motion to amend, the thrust of his opposition focuses on the litigation privilege, which Mr. Schultz argues immunizes Mr. Gannon and HGM from any liability.  The Borough Defendants, instead, focus their opposition on Plaintiff's delay in bringing the instant motion - they claim that Plaintiff had the documents that form the basis of his proposed amendments at least eleven months before he filed the pending motion to amend - and on the prejudice that would result if Plaintiff's motion was granted at this time.  In this regard, the Borough Defendants argue that granting Plaintiff's motion would be highly prejudicial because (1) it would effectively require the disqualification of Mr. Schultz's attorney, Michael J. McKenna, Esq. of HGM; (2) it would require replacement counsel to be obtained for Mr. Schultz, one of the main defendants named in this case, which would not only result in a significant financial burden to the Borough Defendants' insurer, but would also cause a substantial delay in discovery; and (3) the additional delay caused by requiring Mr. Schultz to obtain replacement counsel will impose a hardship on the Borough Defendants as the additional passage of time will result in memories and recollections being further diminished, which, in light of the scope of Plaintiff's allegations, would be exceedingly problematic.

3

**II.     Analysis**

   **A.     Standard of Review**

Motions to amend the pleadings are governed by Rule15(a).  Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally given freely.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction.  *See Long*, 393 F.3d at 400.  Delay alone, however, does not usually justify denying a motion to amend.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the

court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (Internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *See Alvin*, 227 F.3d at 121. Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court set forth the standard for addressing motions to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). According to *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

In determining whether a civil complaint sufficiently states a claim for relief, the Court applies a two-part test. First, the Court must separate the factual and legal elements of a claim. While the Court must accept as true "all of the complaint's well-pleaded facts[,]" the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). Second, the Court "must then determine whether the

5

facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950). Merely alleging an entitlement to relief is insufficient. Instead, the complaint "has to 'show' such an entitlement with its facts." *Id*. A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1955). Moreover, where the complaint contains allegations sounding in fraud or mistake, said allegations must be pled with particularity. Rule 9(b).

  **B.**  **Discussion**

  Here, Plaintiff seeks to amend his Complaint in order to add Mr. Gannon and HGM as defendants to this action. A careful review of Plaintiff's proposed Amended Complaint establishes that Plaintiff seeks to amend 68 paragraphs of his Complaint. In most cases, Plaintiff seeks to add entirely new paragraphs of allegations to his Complaint. Less frequently, Plaintiff seeks to edit the content of existing allegations. Plaintiff's proposed amendments essentially can be categorized into three different groups: (1) allegations concerning Mr. Gannon acting as a policymaker who usurped the authority of the Borough's agencies, officials, entities, officers and employees; (2) allegations concerning alleged misrepresentations Mr. Gannon made regarding the findings of Clive Samuels with respect to the SawMill's sprinkler system; and (3) allegations setting forth additional factual information relevant to Plaintiff's proposed claims against Mr. Gannon and HGM, but also relevant to Plaintiff's originally asserted claims. The Court addresses each of these three categories in turn.

### 1. Allegations Concerning Mr. Gannon Acting as a Policymaker

Through his motion to amend, Plaintiff seeks to add claims against Mr. Gannon based on the fact that he acted as a policymaker for the Borough, usurping the authority of its agencies and officials. Allegations concerning Mr. Gannon's role as policymaker for the Borough include the last sentence of ¶ 45 as well as the allegations asserted in ¶¶ 231-238; 240-242; 537-538; and 557-558 of Plaintiff's proposed Amended Complaint. Because the Court finds that these claims would be futile, the Court denies Plaintiff's request to add the aforementioned allegations.

Plaintiff's assertion that Mr. Gannon was a policymaker for the Borough is not a fact that the Court must accept to be true. Instead, that assertion represents a legal element of Plaintiff's claims, which must be supported by the facts pled in the proposed Amended Complaint. *Fowler*, 578 F.3d at 210-211 (noting that only well-pleaded facts need be accepted as true, while legal conclusions may be disregarded). As such, the question facing the Court is whether Plaintiff has alleged sufficient facts to support his claim that Mr. Gannon acted as a policymaker for the town. Without such facts, Plaintiff cannot plausibly seek relief against Mr. Gannon for any claims based on Mr. Gannon's alleged role as policymaker. *See Iqbal*, 129 S.Ct. at 1950 (holding that in order to survive a Rule 12(b)(6) motion to dismiss, complaint must allege facts sufficient to show that plaintiff has plausible claim for relief).

Here, in addition to relying on certain allegations pled on "information and belief" (*see e.g.*, ¶¶ 238, 537-538 of Plaintiff's proposed Second Amended Complaint), Plaintiff essentially relies on the same facts set forth in that portion of his motion to compel dedicated to establishing that the Borough Defendants waived the attorney-client privilege over certain categories of documents based on Mr. Gannon assuming the role of *de facto* policymaker as he does in the

instant motion to establish that Mr. Gannon was a policymaker for the Borough. The Court, however, already determined that those facts do not support a claim that Mr. Gannon was a *de facto* policymaker for the Borough. While the purposes of both motions differ, the Court's determination regarding whether those facts support a finding of policymaking does not.

For example, in his proposed Amended Complaint, Plaintiff relies on the following documents to establish that Mr. Gannon was a policymaker for the Borough: (1) a June 15, 2007 letter written by Mr. Gannon in partial response to a memorandum authored by Councilman Jablonski; (2) a July 12, 2007 memorandum written by Mr. Gannon regarding potential violations of ABC restrictions and possible zoning violations; (3) a July 20, 2007 letter authored by Mr. Gannon regarding the issuance of a notice of violation based on the July 13-14, 2007 performance by The Gin Blossoms at the SawMill; and (4) an August 14, 2007 letter written by Mr. Gannon concerning ABC liquor license issues related to the SawMill. Contrary to Plaintiff's claims, however, these documents are not "policy setting" documents and do not support Plaintiff's assertion that Mr. Gannon was a *de facto* policymaker for the Borough who usurped the authority of the Borough's agencies and officials.[3] Instead, as explained in detail in the Court's opinion on Plaintiff's motion to compel, these documents simply reflect Mr. Gannon performing his traditional legal functions. (*See* Memorandum Opinion of 11/7/2012 at 54-57; Docket Entry No. 231). As a result, the Court finds that even when the facts asserted by Plaintiff in his proposed Amended Complaint are taken as true, they do not support a finding that Mr.

---

[3] The Court notes that in reviewing a motion to dismiss, and thus also in determining whether a proposed amendment is futile, "a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record." *Wittorff v. Bank of America, N.A.*, Civil Action No. 12-4197 (SRC) 2012 WL 5867124, *1 (D.N.J. Nov. 19, 2012)

Gannon was a policymaker for the Borough. Consequently, the Court likewise finds that Plaintiff has failed to plausibly set forth any claims against Mr. Gannon based on his alleged policymaking. Therefore, Plaintiff's proposed amendments in this regard are denied as futile.[4]

### 2. Allegations Concerning Mr. Gannon's Alleged Misrepresentations Regarding the Findings of Clive Samuels

Through his motion, Plaintiff also seeks to add allegations regarding alleged misrepresentations made by Mr. Gannon about the findings of Clive Samuels concerning the SawMill's sprinkler system. These allegations include ¶¶ 45-46; 239; the reference to Mr. Gannon in 411; 421; 424-425; 428; 431; 433-435; 441; 445; 455-458; the reference to Mr. Gannon in 459; 495-496; 504; 523; 551 and 580 of Plaintiff's proposed Amended Complaint.

As the parties know, the Court recently rendered a decision in which it in part determined that the crime-fraud exception to the attorney-client privilege applied to the Borough Defendants' communications concerning the parties' underlying dispute over the SawMill's sprinkler system. As a result, the Court directed the Borough Defendants to produce all communications between Mr. Gannon (including all communications to/from his law firm) and any Borough official, construction or otherwise, that relate to the underlying dispute involving the SawMill's sprinkler system. (*See* Memorandum Opinion of 11/7/2012 at 43).

As the parties also know, the Borough Defendants recently filed a motion for reconsideration of the Court's decision concerning the applicability of the crime-fraud exception to the attorney-client privilege. (*See* Docket Entry No. 237). While the Court's decision

---

[4]Plaintiff's allegations made on "information and belief" do nothing to change this result as Plaintiff's proposed Amended Complaint does not contain sufficient factual information to support the allegations so pled. This is especially true in the context of Plaintiff's claims against Mr. Gannon sounding in fraud as such claims must be pled with particularity.

concerning the applicability of the crime-fraud exception is distinct from Its decision on whether to permit Plaintiff to amend his Complaint in order to assert claims against Mr. Gannon and HGM based on the alleged misrepresentations Mr. Gannon made concerning Clive Samuels' findings with respect to the SawMill's sprinkler system, the two decisions are related. As a result, the Court shall hold in abeyance Its decision on this aspect of Plaintiff's motion to amend pending the parties' briefing on and the Court's consideration of the Borough Defendants' motion for reconsideration.

### 3. Additional Factual Allegations Relevant to Plaintiff's Original Claims

In his motion to amend, Plaintiff seeks to add several factual allegations, which, while relevant to his proposed claims against Mr. Gannon and HGM, also appear relevant to his originally pled claims. These include ¶¶ 246; 396; 399-406; 408-410; the majority of 411; 412; 413[5]; the subparagraphs of 414; 419-420; 422-423; 426; 429-430; 438-440; 442; 444; and the change of date in 459.[6] While Plaintiff did not specifically seek permission to amend his Complaint in order to add allegations in further support of his originally pled claims, the Court finds no reason to disallow these amendments. The addition of the above-referenced paragraphs are not futile and do not appear to be the product of bad faith. Further, there is no evidence that the addition of these allegations will unfairly prejudice either the Borough Defendants or Mr. Schultz. As a result, under the liberal standards set forth in Rule 15, the Court shall permit Plaintiff to make the aforementioned amendments.

---

[5]The Court notes that Plaintiff does not indicate that any changes were made to ¶ 413 of the proposed Amended Complaint. However, the Court's review indicates that the date was changed from October 4, 2006 to October 5, 2006. (*See* ¶ 395 Original Verified Complaint).

[6]While not noted in Plaintiff's proposed Amended Complaint, the date in ¶ 459 appears to have been changed from July 14, 2007 in ¶ 416 of Plaintiff's Original Verified Complaint to July 17, 2007.

**III.     Conclusion**

For the reasons stated above, Plaintiff's motion to amend is GRANTED in part and DENIED in part.  In light of the fact that the Court has held in abeyance Its decision on certain aspects of Plaintiff's motion to amend, Plaintiff is directed to refrain from filing an Amended Complaint at this time and to await further instructions by the Court.  An appropriate Order follows.

Dated: November 29, 2012

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
