NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Stephen D'ONOFRIO, | |
| Plaintiff, | Civ. No. 09-06220 |
| v. | OPINION |
| BOROUGH OF SEASIDE PARK, ET AL., | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Borough Defendants'[1] Appeal of Magistrate Judge Tonianne Bongiovanni's Letter Order dated September 27, 2012. [Doc. No. 237]. Plaintiff Stephen D'Onofrio ("Plaintiff") opposes. [Doc. No. 245]. The Court has decided the motion upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed herein, the Borough Defendants' appeal is denied.

---

[1] The term " the Borough Defendants" refers collectively to: the Borough of Seaside Park; Former Mayor Robert W. Matthies; Mayor Thomas E. Connors; the Seaside Park Borough Council; Susan Maday; Maryanne Palmisano; John "Jack" Moyse; Benjamin J. Kaiser; Sharon Pratico; Nancy Koury; James Jablonski; Robert Brennan; John Coughlin; Seaside Park Police Department; William A. Beining, III; Edward C. Dickson; Daniel Fitzgerald; Lt. Francis Murphy Larkin; James Leone; Brian McKay; Stephen Shadiack; Brian Jankowski; Seaside Park Municipal Planning Board; Faith Liguori; Kathleen Hughes; Anthony DiCaro; Robert Bellantoni; Seaside Park Municipal Zoning Board; Andrew Sbordone; Martin Wilk, Jr.; Kenneth Deshay; Michael Giuliano; Francis Losey; Michael Tierny; Raymond Sites; Geoffrey N. Schwartz; Seaside Park Code Enforcement Department; James Anderson; Robert Nora; Rejean Laliberte; Gary Swirczynski; Richard Barbarise; and Charles Hollins.

## BACKGROUND

As Plaintiff and the Borough Defendants, [*see supra* n. 1], are already well familiar with the facts of this case, this opinion will include only those facts relevant to the current motion.

Plaintiff was the owner and operator of the SawMill Café ("SawMill"), located on the Boardwalk in the Borough of Seaside Park, New Jersey. [Doc. No. 1, hereinafter, "Complaint," at ¶ 2]. Plaintiff claims that the Borough Defendants inappropriately interfered with his right to control and operate SawMill through tortious, fraudulent and extortionate conduct. [*Id.* at ¶ 3]. Plaintiff specifically asserts violations of the Equal Protection and Due Process Clauses of the 14th Amendment and the 1st Amendment; 42 U.S.C. § 1983 of the Civil Rights Act; 42 U.S.C. § 1985 of the Civil Rights Act; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; and N.J.S.A. 2C:41-1 et seq. ("New Jersey RICO"). [*Id.*]. Many of the allegations raised by Plaintiff in this matter relate to prior, underlying legal disputes between the parties. [*See, generally*, *id.*]. Although most of the underlying litigation is complete, Plaintiff and the Borough Defendants are still presently engaged in an administrative law action before the Ocean County Construction Board of Appeals. [Doc. No. 229 at I.a.i.; Doc. No. 223 at II].

As part of the current litigation, Plaintiff seeks to recover attorney costs and fees as damages. [Complaint at ¶¶ 167-68]. In producing evidence to support an award amount, Plaintiff wishes to protect any information in the attorney billing statements that may be privileged attorney-client communication. [*See, generally*, Doc. No. 229]. In contrast, the Borough Defendants claim that by including attorney costs and fees as part of the damages claim, Plaintiff has placed any and all communications contained within the billing statements "at issue," thereby waiving any attorney client privilege. [Doc. No. 223-1].

Magistrate Judge Tonianne Bongiovanni, [hereinafter "Judge Bongiovanni"], who has worked with the parties on this case since at least February 16, 2010, issued a Letter Order on September 27, 2012, permitting Plaintiff to submit summaries of legal bills to the Borough Defendants in lieu of unredacted billing logs. [Doc. No. 221]. The Order further requires Plaintiff to provide attorney certifications assuring that the work summarized pertains only to the relevant SawMill litigation. [*Id.*]. Specifically, Judge Bongiovanni's Order reads, in pertinent part:

> . . . [K]eeping in mind that information concerning Plaintiff's legal bills is relevant only to Plaintiff's damages claim, the Court does not find that Plaintiff is seeking to use the attorney-client privilege as a sword and a shield: disclosing certain selected communications for self-serving purposes while at the same time restricting the Borough Defendants' access to others. As a result, at this time the Court shall not require Plaintiff to produce unredacted billing statements. Instead, Plaintiff shall be permitted to protect the privileged information contained in his legal bills. Moreover, in order to promote efficiency and avoid the time consuming and costly process of requiring line-by-line redactions, the Court shall exercise its discretion to permit Plaintiff to provide detailed summaries of his legal bills along with attorney certifications verifying that the numbers reflected in the summaries include only services rendered for litigation concerning the SawMill Café, rather than the actual redacted bills.

[*Id.*]. The Borough Defendants have moved to vacate the Order as clearly erroneous and contrary to law for its failure to consider the at-issue doctrine, and contend that Plaintiff must provide complete, unredacted billing statements for all attorneys' fees for which Plaintiff seeks recover. [Doc. No. 223, 223-1]. Aside from arguing that Plaintiff has waived the privilege to any protected information in the relevant billing statements by requesting attorney costs and fees as part of his damages claim, the Borough Defendants further argue that the billing summaries and accompanying attorney certifications will "foreclose[ the Borough Defendants] . . . from independently assessing the pertinence and reasonableness of the fees reflected in the billing statements, and [will] instead force[ the Borough Defendants] . . . to take Plaintiff and his

3

attorneys at their word. . . ." [*Id.* at 1-2]. Plaintiff opposes the appeal, arguing that Third Circuit case law does not support the application of the at-issue doctrine in this case. [Doc. No. 229].

## STANDARD OF REVIEW

In reviewing a magistrate judge decision on a non-dispositive matter, the moving party bears the burden of demonstrating that the decision is 'clearly erroneous or contrary to law.' *U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 314-15 (D.N.J. 2009); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998); *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996); *Exxon Corp. v. Halcon Shipping Co., Ltd.,* 156 F.R.D. 589, 591 (D.N.J. 1994); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c), comment e. "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Lo Bosco v. Kure Eng. Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)); *Cardona*, 942 F. Supp. at 971; *South Seas Catamaran, Inc. v. M/V Leeway*, 120 F.R.D. 17, 21 (D.N.J 1988), *aff'd,* 993 F.2d 878 (3d Cir. 1993). "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *State Nat'l. Ins. Co. v. Cnty. of Camden*, 2012 WL 960431, *1 (D.N.J. March 21, 2012) (citing *Gunter*, 32 F. Supp. 2d at 164). A magistrate judge's legal conclusions will be reviewed *de novo*. *Cooper Hosp.*, 183 F.R.D. at 127.

In conducting this analysis, the Court recognizes that a magistrate judge's ruling on a non-dispositive matter is entitled to great deference. *Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J.1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). This is especially so "where the Magistrate Judge

has managed [the] case from the outset and developed a thorough knowledge of the proceedings." *Cooper Hosp.*, 183 F.R.D. at 127 (quoting *Public Interest Research Grp. v. Hercules, Inc.,* 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds,* 50 F.3d 1239 (3d Cir. 1995)).

## DISCUSSION

The Borough Defendants argue that Judge Bongiovanni's September 27, 2012 letter order is clearly erroneous and contrary to law in that it fails to "consider, or even address, the doctrine of 'at issue' waiver." [*Id.*]. Under that doctrine, "[w]hen a party to a lawsuit puts [privileged] information at issue by making it relevant to the case, and the application of the privilege would deny the opposing party access to information vital to its defense," the party has waived the privilege. *George v. Siemens Indus. Automation, Ind.*, 182 F.R.D. 132, 139 (D.N.J. 1998). The Borough Defendants argue that because Plaintiff has asserted a damages claim against the Borough Defendants for attorney costs and fees, Plaintiff has put the attorney-client billing statements and any privileged information contained therein at issue. [Doc. No. 223-1 at 6-8]. In pertinent part, the Borough Defendants argue that:

> [Plaintiff] cannot now produce only the information relating to the fees that he wants the Borough Defendants to see. The Borough Defendants are entitled to review the billing statements in their entirety to determine, *for themselves*, whether the services for which Plaintiff seeks reimbursement were all related to the litigation over the SawMill, as distinguished from other, unrelated matters. In addition, the Borough Defendants are entitled to review the billing statements to determine whether the fees were reasonable, whether the time billed for various tasks was reasonable, and whether the tasks billed were actually necessary for the litigation.

[*Id.* at 8]. The Borough Defendants go on to state their concern that Plaintiff might "shade the facts" in his summaries "to make the fees appear recoverable when, for any number of reasons . . . they are not." [*Id.* at 9].

5

The Court is aware of the fine balance that must be struck when dealing with the attorney-client privilege. The privilege must not be used as both a sword and shield against another party. *See, e.g.*, *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, n. 24 (3d Cir. 2006). However, the Court does not agree with the Borough Defendants that Judge Bongiovanni's solution to balancing the tension between the attorney-client privilege and fairness concerns in this case is clearly erroneous or contrary to law.

In reviewing Third Circuit precedent on what billing information must be provided to sustain a damages award, this Court notes that a party seeking attorneys' fees must "submit evidence supporting the hours worked and rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). More specifically, "a fee petition should include 'some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates.'" *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037-38 (3d Cir. 1996) (quoting *Rode*, 892 F.2d at 1190). "[S]pecificity should only be required to the extent necessary for the district court to determine if the hours claimed are unreasonable for the work performed," and "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* (internal quotations omitted). If the opposing party then objects to the reasonableness of the hours expended or the attached hourly rate, "the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183.

The Court is unconvinced that the above requirements cannot be met via detailed summaries of billing statements, or that the Borough Defendants will be unable to bring forward

objections concerning time spent on projects, the reasonableness of fees, and whether the tasks billed were actually necessary for litigation. If the statements are insufficiently detailed, the Court can order further disclosure; indeed, the language of Judge Bongiovanni's Letter Order indicates the desire to leave open just that possibility. [*See* Doc. No. 221 ("*at this time* the Court shall not require Plaintiff to submit unredacted billing statements . . . . Moreover, in order to promote efficiency and avoid the time consuming and costly process of requiring line-by-line redactions, the Court shall . . . permit Plaintiff to provide detailed summaries of his legal bills . . . " (emphasis added))]. The Letter Order also provides a means by which parties may confer and address the Court in the event of a dispute. [*Id.* ("In the unlikely event that the parties are unable to resolve any issue that arises with respect to the aforementioned summaries and certifications, then they are directed to submit a joint letter regarding same to the Court . . . .")]. Finally, the Court fails to see how trusting attorney certifications with regards to the billing statements is significantly different than the trust opposing counsel normally must exercise when receiving copies of billing statements recorded at another firm.

But even if the above affirmative requirements can be met by the billing statements, the Borough Defendants argue that the current situation falls under the "at issue" doctrine and should be governed by that standard. Upon review of the case law, the Court does not find that the "at issue" doctrine clearly applies.

The Borough Defendants acknowledge that there is no Third Circuit case law directly on point; those Third Circuit cases that do consider the at-issue doctrine in the context of the attorney-client privilege do so in situations where the advice of counsel is being utilized as an affirmative defense. *See, e.g.*, *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d. Cir. 1994); *In re G-I*

7

*Holdings Inc.*, 218 F.R.D. 428, 431 (D.N.J. 2003).  Those cases are reasonably distinguishable, given that the *content* of the communications are put in issue; here, arguably, only non-privileged details such as the type of communication and time spent are in issue.

The Borough Defendants point instead to cases from other jurisdictions in which courts reject either redacted billing statements or summaries in support of indemnification or an award of attorneys' fees.  *E.g.*, *Equitable Prod. Co. v. Elk Run Coal Co. Inc.*, 2008 WL 5263735 (S.D.W. Va. Oct. 3, 2008); *Energy Capital Corp. v. U.S.*, 45 Fed. Cl. 481 (Fed. Cl. 2000); *Essex Builder's Grp., Inc. v. Amerisure Ins. Co.*, 2007 WL 700851 (M.D. Fla. Mar. 1, 2007); *Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*, 2010 WL 56045 (S.D. Tex. Jan. 6, 2010); *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002); *Aecon Bldgs., Inc. v. Zurich N. Am.*, 2008 WL 2434205 (W.D. Wash. June 13, 2008); *Am Econ. Ins. Co. v. Schoolcraft*, 2007 WL 1229308 (D. Colo. Apr. 25, 2007).

While most of the cases cited by the Borough Defendants are unpublished lower court opinions, two circuit courts have found a waiver of the attorney-client privilege in indemnification actions where the prior underlying actions had been resolved.  *Ideal Electronic Sec. Co., Inc. v. Int'l Fidelity Ins., Co.*, 129 F.3d 143 (D.C.C. 1997)*; Pamida, Inc. v. E.S. Originals, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002).  In *Ideal*, the court found that "[b]y claiming indemnification of attorney's fees . . . and offering the billing statements as evidence of the same, [a party] waive[s] its attorney-client privilege with respect to the redacted portions of the billing statements and any other communications going to the reasonableness of the amount of the fee award." *Ideal*, 129 F.3d at 152.  Moreover, "[a]lthough the reasonableness of the fee award is ultimately within the District Court's discretion, [the opposing party] must

8

first be allowed the opportunity to challenge the reasonableness of the fees following full disclosure of the billing statements." *Id.*

It may be that Plaintiff ultimately must present full, unredacted billing statements in order to fairly and clearly justify an award of damages. However, the Court does not at this time find good reason to overturn Judge Bongiovanni's Order in light of both fairness and efficiency concerns, and absent further direction from the Third Circuit. Liability has not yet been established, and there is the possibility that full revelation of the billing statements may expose privileged information pertinent to the current administrative action between Plaintiff and the Borough Defendants before the Ocean County Construction Board of Appeals. Judge Bongiovanni, who has been involved in this case for almost three years, appears to have made a reasonable decision based upon current Third Circuit law, and furthermore, intentionally left the window open for the Borough Defendants to lodge objections should the detailed summaries of Plaintiff be found wanting. The Court will take no further action at this time.

## CONCLUSION

For the reasons discussed herein, the Borough Defendants' Appeal of the Magistrate Court Order is denied. An appropriate order accompanies this opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J

Date: 19th of December, 2012

9